Mark S. Bostick (Bar No. 111241)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mbostick@wendel.com

Attorneys for Trustee
Carol Wu

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>AUSAF UMAR SIDDIQUI,<br><br>Debtor. | Case No. 11-56549 CN<br><br>Chapter 7<br><br>**THIRD AND SUPPLEMENTAL FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR TRUSTEE**<br><br>Date: To be set<br>Time: .<br>Place: 280 So. First Street, Room 3070<br>San Jose, CA 95113<br>Judge: Hon. Charles Novack |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE:**

Wendel, Rosen, Black & Dean LLP ("Applicant"), a partnership of attorneys, applies for approval of its Third and Supplemental Final Application for Compensation and Reimbursement of Expenses by Counsel for Trustee ("Application"), seeking approval of $10,497.50 in fees and $286.46 in costs for the period of June 1, 2013, through and including February 10, 2014 (the "Application Period"), for services rendered as counsel for the trustee, Carol Wu.

///

///

Applicant was employed as counsel for the trustee effective August 17, 2011, under an order entered on September 1, 2011 (Doc. #11). Pursuant to an order entered on December 21, 2012, Applicant was awarded fees in the amount of $36,894.50 and reimbursement of expenses in the sum of $355.50. (Doc. #54); under an order entered on June 25, 2013, Applicant was awarded fees in the amount of $13,635.00 and reimbursement of expenses in the sum of $353.87 (Doc #81).

## I. CASE HISTORY AND STATUS

Following the hearing on Applicant's Second and Final Application for Compensation held on June 25, 2013, motions for relief from stay filed by Fry's Electronics Inc. ("Fry's) [Doc #85] and by the 800 Charleston Road Condominium Association (the "HOA") [Doc #89] presented new issues the Trustee needed to resolve to complete administration of the case: namely, to resolve the right to recover about $40,000 in rents from the Mackins, who had purchased the estate's Palo Alto condominium (the "Condo") at a foreclosure sale held by the HOA in violation of the automatic stay. The Condo itself was vastly over-encumbered and was the subject of an abandonment notice previously served and filed by the trustee. The HOA had moved to annul the stay to validate the sale, but if the stay were not annulled, it would seek to charge the estate for association dues dating to the petition filing date as an administrative expense.

After extensive negotiations between the trustee, the HOA, Fry's and the Mackins, the trustee sold the estate's rights in the Condo and to the rents to the HOA in exchange for $6,000 and waiver of its alleged administrative claim for about $33,000; in addition, the trustee retained about $4,000 in rent proceeds had recovered from the Mackins. The compromise and sale was approved by the court under an order entered on December 18, 2013 (Doc# 104).

The estate now appears to be fully administered, subject to the filing and approval of the trustee's final account. To date, the trustee has recovered $87,264.16, of which she has disbursed $52,300.01, and now holds $34,964.15, all of which will be used to pay administrative expenses and tax priority claims.

## II. SERVICES RENDERED

### A. Condo Litigation.

These services relate to the trustee's negotiated disposition of the estate's interests in the Condo and rent claims, and include: (1) Applicant's analysis of the three motions for relief from stay that were brought relating to the Condo; (2) its analysis of the estate's rights in the Condo; (3) its negotiations and attempts to reach a global settlement with the HOA, Fry's and the Mackins; (4) its preparation of the trustee's motion to approve her release and transfer of rights to the HOA as required to obtain court approval, and (5) its review and processing of documentation as required to perform the terms of the compromise and sale, among other services.

These services were necessary to resolve an estate asset and potential administrative liability. They benefitted the estate by enabling it to recover the total sum of $10,910.90 and the elimination the HOA's alleged administrative claim for about $33,000.

Applicant spent 20.6 hours performing the tasks under this category, incurring fees in the amount of $9,785.00, as more particularly described in the attached **Exhibit C**.

### B. Preparation of Fee Application.

Applicant spent a total of one and one-half hours in preparing this fee application as described in the attached **Exhibit B**. Applicant has spent a total of 4.8 hours preparing fee application in the case, incurring fees in the total amount of $2105.00, representing about 3.5% of all fees requested it has in the case, i.e. $60,077, and therefore the amount sought complies with the Fee Application Guidelines.

## III. SUMMARY OF FEES AND COSTS INCURRED

Applicant's total time representing the Trustee in this fee application period was 22.1 hours, representing $10,497.50 of fees. The hours are detailed on Applicant's computerized timesheets, copies of which are attached as **Exhibits A** through **B**. Applicant also incurred costs of $286.14, as set forth in **Exhibit C**.

The Exhibits detail specific services and identify the individual attorneys and paralegals that performed those services. At the end of each Exhibit appears a summary of time expended, blended hourly rates, and fees incurred by each attorney and paralegal.

## SUMMARY OF FEES

| Exhibit | Category | Hours | Fees |
|---------|----------|-------|------|
| A | Condo Litigation | 20.6 | $9,785.00 |
| B | Preparation of Fee Application | 1.5 | $712.50 |
| **Total** | | **22.1** | **$10,497.50** |

## SUMMARY OF COSTS

| Category | Amount |
|----------|--------|
| Pacer | $38.60 |
| U.S. Postage | $57.70 |
| PBMS Copy Charges | $75.30 |
| United Parcel Service | $43.66 |
| Court Call Conferencing | $71.20 |
| **Total** | **$286.46** |

**Note on Costs.** In accordance with this court's Guidelines for Compensation and Expense Reimbursement of Professionals ("Guidelines"), Applicant's photocopy charges and incoming facsimile charges are at 15¢ per page. Applicant has removed all surcharges from telephone calls and computerized research, if any, and has charged the estate only for its actual costs.

**Letter Transmitting Fee Application to Trustee.** In accordance with the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, Applicant has transmitted a copy of this Application to the trustee, together with a copy of the transmittal letter attached hereto as **Exhibit D**.

## IV. CONCLUSION

In view of the time expended, the responsibilities assumed, and Applicant's reputation and skill in the bankruptcy field, Applicant respectfully submits that the minimum reasonable value of the services rendered during the Application Period is $10,497.50, and seeks approval of its fees in

that amount. Applicant also expended the sum of $286.46 for costs during the Application Period, and seeks approval of reimbursement of that amount.

Applicant respectfully submits that the services rendered to the Trustee were necessary and beneficial and that the fees requested constitute reasonable and necessary fees expended on behalf of the estate.

WHEREFORE, Applicant prays that this court enter an order approving $10,497.50 of attorneys' fees and $286.46 of costs incurred and expended on behalf of the trustee during the Application Period and authorizing the trustee to pay such amounts as are allowed.

DATED: February 19, 2014          WENDEL, ROSEN, BLACK & DEAN LLP


By: /s/ Mark S. Bostick
    Mark S. Bostick
    Attorneys for Trustee
    Carol Wu

012088.0012\3461301.3

THIRD AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR TRUSTEE

5